**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

Civil Action No. 1:17-cv-01097-PAB
    (Consolidated with Civil Action Nos. 17-cv-01140-PAB, 17-cv-01159-PAB, 17-cv-01190-PAB, and 17-cv-01570-PAB)

_____

Civil Action No. 1:17-cv-01097-PAB

GEORGE ASSAD, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

_____

Civil Action No. 1:17-cv-01140-PAB

JEWELTEX MANUFACTURING INC. RETIREMENT PLAN, On Behalf of Itself and All Others Similarly Situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

_____

Civil Action No. 1:17-cv-01159-PAB

ROYCE BUSSEY, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

_____

Civil Action No. 1:17-cv-01190-PAB

DANE GUSSIN,

     Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

     Defendants.
_____

Civil Action No. 1:17-cv-01570-PAB

STUART ZAND, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

     Defendants.
_____

# UNOPPOSED MOTION TO CONSOLIDATE
_____

     Pursuant to Federal Rule of Civil Procedure 42(a)(2) and United States District Court for the District of Colorado Local Rule of Practice ("Local Rule") 42.1, Defendants DigitalGlobe, Inc., General Howell M. Estes III, Nick S. Cyprus, Roxanne Decyk, Lawrence A. Hough, Warren C. Jenson, L. Roger Mason, Jr., Jeffrey R.Tarr, Kimberly Till, and Eddy Zervigon (collectively "DGI" or "the Company"), by and through their undersigned counsel, move this Court to enter an Order consolidating *Machion v. DigitalGlobe, Inc., et al.*, Case No. 17cv1692 ("*Machion* Proceeding") with the five cases that this Court previously consolidated into the

2

lowest numbered action, *Assad v. DigitalGlobe, Inc., et al.*, Case No. 17cv1097 (the "Consolidated Proceedings").[1] Dkt. No. 25. This motion seeks to consolidate the *Machion* Proceeding with the five Consolidated Proceedings since the *Machion* Proceeding involves identical issues of law, overlapping facts, and multiple common parties. Indeed, like the Consolidated Proceedings, the *Machion* Proceeding asserts claims under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a et seq., on behalf of a putative class and is therefore subject to the lead plaintiff appointment provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S. Code § 78u–4(a)(2)(B). Thus, consolidating the *Machion* Proceeding with the Consolidated Proceedings would streamline the use of judicial resources, including the appointment of a single lead plaintiff, avoid conflicting or duplicative legal holdings, and would, in turn, serve the interests of justice for all parties by leading to a more efficient and prompt resolution of the parties' claims and defenses.

**Certificate of Conferral Pursuant to F.R.C.P. 7.1(a)**: Counsel for DGI has conferred with counsel for Mr. Machion, who consents to consolidation. Counsel for plaintiffs in the Consolidated Proceedings were notified that the parties in the *Machion* Proceeding intended to move to consolidate, and, as of the time of filing, none have expressed any objections.

**Relevant Factual and Procedural Background**

On February 24, 2017, DGI—a leading global provider of high resolution Earth imagery, data, and analysis headquartered in Colorado—entered into a merger agreement ("Merger

---

[1] In addition to the *Assad* Proceeding, the previously consolidated cases are *Jeweltex Manufacturing Inc. Retirement Plan v. DigitalGlobe, Inc., et al.*, Case No. 17cv1140; *Bussey v. DigitalGlobe, Inc., et al.*, Case No. 17cv1159; *Gussin v. DigitalGlobe, Inc., et al.*, Case No. 17cv1190; and *Zand v. DigitalGlobe, Inc. et al.*, Case No. 17cv1570.

Agreement") with MacDonald, Dettwiler and Associates Ltd. ("MDA")—a Canadian corporation organized under the laws of British Columbia—and MDA's subsidiaries (the "Proposed Merger"). *See Machion v. DigitalGlobe, Inc., et al.*, Case No. 17cv1692 Complaint, (hereinafter "Complaint"), at ¶ 2. On April 27, 2017, DGI filed a preliminary Form F-4 Registration Statement ("Registration Statement") with the United States Securities and Exchange Commission in connection with the Proposed Merger. *Id.* at ¶ 4. On June 2, 2017, DGI filed an Amendment to the Registration Statement. *Id.*

Beginning on May 3, 2017, DGI was named as a defendant in six actions, all of which arise from the Proposed Merger and all of which, with the exception of the newly-filed *Machion* Proceeding, have been previously consolidated into the Consolidated Proceedings (listed in chronological order):

- *Assad v. DigitalGlobe, Inc. et al.*, Case No. 17cv1097, filed on May 3, 2017.
- *Jeweltex Manufacturing Inc. Retirement Plan v. DigitalGlobe, Inc. et al.*, Case No. 17cv1140, filed on May 8, 2017.
- *Bussey v. DigitalGlobe, Inc. et al.*, Case No. 17cv1159, filed on May 10, 2017.
- *Gussin v. DigitalGlobe, Inc. et al.*, Case No. 17cv1190, filed on May 15, 2017.
- *Zand v. DigitalGlobe, Inc. et al.*, Case No. 17cv1570, filed in the United States District Court for the District of Delaware on May 22, 2017, and transferred to this Court and refiled on June 27, 2017.
- *Machion v. DigitalGlobe, Inc., et al.*, Case No. 17cv1692, filed on July 12, 2017.

As stated above, all actions assert claims for alleged violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9, 17 C.F.R. § 240.14a-9. With the exception of

*Gussin*, all are putative class actions, and thus subject to the lead plaintiff appointment provision of the PSLRA, 15 U.S.C. § 78u–4(a)(2)(B). In addition, each of the cases names ten defendants in common.[2]

On June 13, 2017, DGI moved to consolidate the Actions on the basis that they involved identical issues of law, overlapping facts, and multiple common parties. Dkt. No. 15. On July 6, 2017, this Court granted the DGI's Motion to Consolidate, finding that "[a]ll five cases present virtually identical questions of law and fact" and that "[c]onsolidation will ensure efficient resolution of these and future motions by eliminating duplicative hearings while guarding against inconsistent findings." Dkt. No. 25. On July 12, 2017, after this Court issued its consolidation order, the *Machion* action was filed, asserting allegations and claims similar to those in the Consolidated Proceedings.

## I.   Consolidation Is Proper Under Rule 42(a) and Local Rule 42.1

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication. FED. R. CIV. P. 42(a)(2) provides "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." *See also* MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.11 ("If the cases appear to involve common questions of law or fact, and consolidation may tend to reduce cost and delay, the cases may be consolidated under Federal Rule of Civil Procedure 42(a)"). The decision of whether to consolidate actions involving common questions of law or fact is committed to the district court's sound discretion.

---

[2] The *Assad*, *Gussin*, and *Machion* complaints name MDA, and *Assad* and *Gussin* identify two other defendants related to MDA that are not named in the other complaints.

*Cellport Systems, Inc. v. BMW of North America, LLC*, 2014 WL 6910293 (D. Colo. Dec. 9, 2014) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).  Pursuant to Local Rule 42.1, the district judge assigned to the lowest numbered case decides whether consolidation is warranted.  D.C.COLO.LCivR. 42.1.

In ruling on a motion to consolidate, a court first considers whether there are common questions of law and fact.  *See, e.g.*, *Cellport*, 2014 WL 6910293, at *1.  If common issues predominate, the court next inquires into whether the interests of judicial economy and fairness favor consolidation.  *See David A. Bovino P.C. v. MacMillan*, 2015 WL 3903111, at *4 (D. Colo. June 24, 2015).

For the same reasons that this Court granted the DGI's previous Motion to Consolidate, this Court should consolidate the *Machion* Proceeding with the Consolidated Proceedings.

First, the *Machion* Proceeding and the Consolidated Proceedings involve the same legal claims, i.e., Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9, 17 C.F.R. § 240.14a-9.  The central question of law underpinning all the claims is whether the Registration Statement and associated Amendment contain actionable misrepresentations and omissions.  Complaint, ¶ 4; *see also Assad* Complaint ¶ 4.  And the factual allegations that form the basis of each claim significantly overlap and raise many of the same factual disputes.  Thus, the *Machion* Proceeding and the Consolidated Proceedings should be consolidated to avoid inconsistent judgments on identical legal and factual issues.  *See* Dkt. No. 25 ("Consolidation will ensure efficient resolution of these and future motions by eliminating duplicative hearings while guarding against inconsistent findings.").

The interests of judicial economy and the fairness to the parties also favor consolidation. Consolidation would eliminate the duplication created by multiple judicial officers overseeing separate legal proceedings against common defendants. The United States District Court for the District of Colorado routinely consolidates cases involving common questions of fact or law. *See, e.g.*, *Lieblein on behalf of Western Union Co. v. Ersek et al.*, Case No. 14cv144 (lowest case number), 2015 WL 73815, at *2 (D. Colo. Jan. 5, 2015); *Cellport*, 2014 WL 6910293 at *2; *Avenue Capital Mgmt. II, L.P., et al. v. Schaden, et al.*, 2014 WL 5019896, at *1 (D. Colo. Oct. 7, 2014). Consolidation is particularly appropriate here where Mr. Machion and DGI consent to consolidation.

Finally, there is an added judicial efficiency because five of the six actions are putative class actions and thus subject to the PSLRA. *See* 15 U.S.C. § 78u-4; *see also Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011) (appointing lead plaintiff in a case alleging violations of Sections 14(a) and 20(a) of the Exchange Act pursuant to 15 U.S.C. § 78u–4(a)(3)(B)). Under the PSLRA, the court must appoint a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides that if more than one action has been filed and the parties have moved for consolidation, the court should not rule on a motion for lead plaintiff until the court has ruled on a motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). As applied here, the consolidation of the Consolidated Proceedings with the *Machion* Proceeding would streamline the appointment of a lead plaintiff and avoid the unnecessary hearings on multiple separate motions to appoint a lead plaintiff.

## II. <u>Conclusion</u>

WHEREFORE, pursuant to Fed. R. Civ. P. 42(a) and D.C.Colo.LCivR 42.1, DGI respectfully requests the Court consolidate for all purposes the *Machion* Proceeding with the Consolidated Proceedings.

Dated this 21st day of July 2017.

**O'MELVENY & MYERS LLP**

*s/ William K. Pao*
Matthew W. Close
William K. Pao
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Phone: 213.430.7272
Email: mclose@omm.com
         wpao@omm.com

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*s/ Emily R. Garnett*
John V. McDermott, #11854
Emily R. Garnett, #45047
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Phone: 303.223.1100
Fax: 303.223.1111
Email: jmcdermott@bhfs.com
         egarnett@bhfs.com

*Attorneys for Defendants DigitalGlobe, Inc., General Howell M. Estes III, Nick S. Cyprus, Roxanne Decyk, Lawrence A. Hough, Warren C. Jenson, L. Roger Mason, Jr., Jeffrey R. Tarr, Kimberly Till, and Eddy Zervigon*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 21st day of July 2017, I electronically filed the foregoing **UNOPPOSED MOTION TO CONSOLIDATE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rusty E. Glenn
THE SHUMAN LAW FIRM
600 17th Street, Suite 2800 South
Denver, CO 80202
Phone: 303-861-3003
Fax: 303-536-7849
Email: rusty@shumanlawfirm.com

*Attorneys for George Assad*

Jeffrey M. Villanueva
1755 Blake Street, Suite 225
Denver, CO 80202
Phone: 303.295.7525
Email: jeff@jmvpclaw.com

Daniel Kuznicki
Brower Piven, P.C.
475 Park Avenue South
33rd Floor
New York, NY 10016
Phone: 212.501.9000
Email: kuznicki@browerpiven.com

*Attorneys for Dane Gussin*

Richard Adam Acocelli
WEISSLAW LLP
1500 Broadway
New York, NY 10036
Phone: 212.682.3025
Fax: 212.682.3010
Email: racocelli@weisslawllp.com

*Attorneys for Royce Bussey and Jeweltex Manufacturing Inc. Retirement Plan*

James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017-6531
Phone: 212.983.9330
Fax: 212.983.9331
Email: jwilson@faruqilaw.com

*Attorneys for Stuart Zand*

                  *s/ Kate Ikehara*
                  Kate Ikehara