IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

---

Civil Action No. 17-cv-01097-PAB-NYW
    (Consolidated with Civil Action Nos. 17-cv-01140-PAB-NYW, 17-cv-01159-PAB-NYW, 17-cv-01190-PAB-NYW, and 17-cv-01570-PAB-NYW)

---

Civil Action No. 17-cv-01097-PAB-NYW

GEORGE ASSAD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01140-PAB-NYW

JEWELTEX MANUFACTURING INC. RETIREMENT PLAN, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01159-PAB-NYW

ROYCE BUSSEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

Civil Action No. 17-cv-01190-PAB-NYW

DANE GUSSIN,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

Civil Action No. 17-cv-01570-PAB-NYW

STUART ZAND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

**ORDER**

This matter is before the Court on defendants' Unopposed Motion to Consolidate [Docket No. 35]. The Court has previously consolidated the five above-captioned cases related to the proposed merger of DigitalGlobe, Inc. with MacDonald Dettwiler and Associates Ltd. ("MDA"). Docket No. 25. Defendants request the Court consolidate these cases with *Machion v. DigitalGlobe, Inc., et al.*, Case No. 17-cv-01692-MSK-NYW ("*Machion*"). Docket No. 35 at 2. Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. This is the case with the lowest case number.

All six cases assert claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and SEC Rule 14a-9 related to the proposed merger of DigitalGlobe, Inc. with MDA.  See Docket No. 25 at 2; *Machion*, Case No. 17-cv-01692-MSK-NYW, Docket No. 1 at 24-27.  Counsel for plaintiff in *Machion* consents to consolidation.  Docket No. 35 at 3.  Defendants state that they notified plaintiffs' counsel in the consolidated cases of their intent to seek further consolidation and that none has opposed it.  *Id*.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2381 at 427 (2nd ed. 1995)).  Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

All six cases present virtually identical questions of law and fact.  Five of the cases are putative class actions under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), while Mr. Gussin has filed an individual claim.  Docket No. 15 at 3; *Gussin*, Case No. 17-cv-01190-PAB-NYW, Docket No. 1; *Zand,* Case No. 17-cv-01570-PAB-NYW, Docket No. 1-1.  Consolidation will ensure efficient resolution of future

motions by eliminating duplicative hearings while guarding against inconsistent findings. The parties do not raise, and the Court is not aware of, any reason to believe that consolidation would prejudice any of the parties. Because common questions of law and fact predominate in the six related actions, the Court finds that consolidation is warranted.

Accordingly, it is

**ORDERED** that defendants' Unopposed Motion to Consolidate [Docket No. 35] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Case Nos. 17-cv-01097-PAB-NYW, 17-cv-01140-PAB-NYW, 17-cv-01159-PAB-NYW, 17-cv-01190-PAB-NYW, 17-cv-01570-PAB-NYW, and 17-cv-01692-MSK-NYW are consolidated for all purposes. It is further

**ORDERED** that all filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 17-cv-01097-PAB-NYW
    (Consolidated with Civil Action Nos. 17-cv-01140-PAB-NYW, 17-cv-01159-PAB-NYW, 17-cv-01190-PAB-NYW, 17-cv-01570-PAB-NYW, and 17-cv-01692-PAB-NYW)

---

Civil Action No. 17-cv-01097-PAB-NYW

GEORGE ASSAD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01140-PAB-NYW

JEWELTEX MANUFACTURING INC. RETIREMENT PLAN, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01159-PAB-NYW

ROYCE BUSSEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01190-PAB-NYW

DANE GUSSIN,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01570-PAB-NYW

STUART ZAND, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

Civil Action No. 17-cv-01692-PAB-NYW

MATTHEW MACHION, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

---

    DATED July 25, 2017.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge