# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01097-PAB-NYW
     (Consolidated with Civil Action Nos. 17-cv-01140-PAB-NYW, 17-cv-01159-PAB-NYW, 17-cv-01190-PAB-NYW, 17-cv-01570-PAB-NYW, and 17-cv-01692-PAB-NYW)

Civil Action No. 17-cv-01097-PAB

GEORGE ASSAD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

Civil Action No. 17-cv-01140-PAB

JEWELTEX MANUFACTURING INC. RETIREMENT PLAN, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

Civil Action No. 17-cv-01159-PAB

ROYCE BUSSEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

    Defendants.

Civil Action No. 17-cv-01190-PAB

DANE GUSSIN,

Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

Defendants.

Civil Action No. 17-cv-01570-PAB

STUART ZAND, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

Defendants.

Civil Action No. 17-cv-01692-PAB-NYW

Matthew Machion, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DIGITALGLOBE, INC., et al.,

Defendants.

**ORDER**

Magistrate Judge Nina Y. Wang.

This matter is before the court on two related motions:

(1) Plaintiff Matthew Machion's ("Mr. Machion") Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (the "Machion Motion") [#38, filed July 24, 2017]; and

(2) Plaintiff Dane Gussin's ("Mr. Gussin") Motion to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel (the "Gussin Motion") [#40, filed July 24, 2017].

The undersigned considers the motions pursuant to 28 U.S.C. § 636(b), the Order of Reference dated July 7, 2017 [#26], and the Memorandum dated August 1, 2017 [#46]. This court concludes that oral argument will not materially assist in the resolution of these matters. Accordingly, upon careful review of the motions and associated briefing, the applicable case law, and the entire case file, this court GRANTS the Gussin Motion and DENIES AS MOOT the Machion Motion for the reasons stated herein.[1]

## BACKGROUND[2]

This consolidated action (six actions in total) arises out of the proposed merger of Defendant DigitalGlobe, Inc. ("DigitalGlobe") and a subsidiary of MacDonald, Dettwiler and Associates Ltd. ("MDA"). *See* [#1 at ¶¶ 1–2; #25 at 2].[3] All six actions assert claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a, challenging the proposed merger of DigitalGlobe and MDA. *See* [#1 at ¶¶ 2–5; *id.* at 16–18; #25 at 2–3; #34 at 3–5]. Plaintiffs allege that the F-4 registration statement and amended registration statement are materially

---

[1] There appears to be some ambiguity as to whether a motion to appoint lead plaintiff and lead counsel in a class action is dispositive or non-dispositive. *See Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.,* No. CIV.A. 11-6247 JBS, 2012 WL 3638629, at *7 (D.N.J. Aug. 22, 2012). This court, however, found no authority from either the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") or the District of Colorado that resolves the issue. This court is persuaded that the appointment of lead plaintiff and lead counsel is not dispositive of any claim or defense in this action, especially given the lack of opposition to the Gussin Motion; thus, this court treats the issue as non-dispositive. In either case, any party who disagrees with this Order retains the right to object to it, and the presiding judge, the Honorable Philip A. Brimmer, will apply the appropriate standard in reviewing it whether it is considered dispositive or non-dispositive.

[2] Judge Brimmer has discussed the background of this matter in detail in his prior Order denying the motions for preliminary injunction, *see* [#34], and this court discusses the background only briefly as it relates to the underlying motions.

[3] All citations to documents in the ECF system are to the lead case *Assad, individually and on behalf of all others similarly situated v. DigitalGlobe, Inc. et al.*, Civil Action No. 17-cv-01097-PAB-NYW, unless otherwise noted.

misleading in that each omits material facts that would have better informed DigitalGlobe's shareholders of the financial allure of the proposed merger. *See generally* [#1]. Specifically, Plaintiffs take issue with the methods DigitalGlobe used in rendering its financial projections for fiscal years 2017–21 and its omission of explanations for those analyses, and the alleged omissions regarding conflicts of interest by the financial advisors that reviewed the merger and DigitalGlobe's board members. *See generally* [*id.*; #34].

On May 3, 2017, Plaintiff George Assad ("Mr. Assad") filed his putative class action complaint in this District. [#1]. Between May 3 and July 12, 2017, the remaining five consolidated actions were filed in or transferred to this District.[4] *See* [#25; #44]. On June 14, 2017, Mr. Gussin filed a Motion for Preliminary Injunction, seeking to preliminary enjoin a shareholder vote by DigitalGlobe related to the proposed merger scheduled for July 27, 2017. *Gussin v. DigitalGlobe, Inc., et al.*, No. 17-cv-01190-PAB-NYW, [#19]. On July 5, 2017, Plaintiff Stuart Zand ("Mr. Zand") filed a similar Motion for Preliminary Injunction. *Zand, individually and on behalf of all others similarly situated v. DigitalGlobe, Inc., et al.*, Case No. 17-cv-01570-PAB-NYW, [#14].

On July 6, 2017, Judge Brimmer granted DigitalGlobe's Motion to Consolidate the five similar actions then pending against DigitalGlobe in this District. [#25]. Upon consolidation, Judge Brimmer referred this matter to the undersigned for all non-dispositive matters. [#26]. Pursuant to the Parties' requests, the undersigned vacated all response and pre-scheduling deadlines in all of the consolidated matters, to be reset at the August 25, 2017 Status Conference. *See* [#33; #51]. Judge Brimmer held a Motions Hearing on the pending Motions for Preliminary Injunction on July 14, 2017, and denied the motions on July 21, 2017. *See* [#36; #34]. Mr.

---

[4] Five of the six actions are putative class actions with only Mr. Gussin filing on his own behalf. *See Gussin v. DigitalGlobe, Inc., et al.*, No. 17-cv-01190-PAB-NYW, [#1].

Machion then filed his putative class action complaint against DigitalGlobe on July 12, 2017, and Judge Brimmer later consolidated Mr. Machion's action with the other five consolidated actions. *See* [#44].

Mr. Machion and Mr. Gussin then filed their respective motions for appointment of lead plaintiff and lead counsel on July 24, 2017. *See* [#38; #40]. However, on August 14, 2017, Mr. Machion withdrew his motion. [#53]. Accordingly, this court now considers only Mr. Gussin's motion.

## LEGAL STANDARDS

### I. The Private Securities Litigation Reform Act ("PSLRA")

Congress enacted the PSLRA, 15 U.S.C. § 78u-4, in 1995 as "a check against abusive [securities fraud] litigation by private parties" against companies and individuals whose conduct conformed to the law. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007); *accord City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001) ("The PSLRA thus mandates a more stringent pleading standard for securities fraud actions in general, and for scienter allegations in particular."). The PSLRA sets forth "a procedure that governs the appointment of lead plaintiffs in 'each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657 (D. Colo. 2000) (quoting 15 U.S.C. § 78u-4(a)(1)). Any member of the purported class may move the court to serve as lead plaintiff, but must do so within sixty (60) days of the published notice of the potential class action.[5] 15

---

[5] Here, Rigrodsky & Long, P.A. published a notice of Mr. Assad's Complaint with Globe Newswire on May 24, 2017. [#42-2 at 2–3]. The notice directs purported class members that they must move the court for appointment as lead plaintiff on or before July 24, 2017. [*Id.* at 3]. Only Mr. Gussin and Mr. Machion filed motions; however, Mr. Machion has since withdrawn his motion.

U.S.C. § 78u-4(3)(A)(i)(II). The court must then appoint lead plaintiff no later than ninety (90) days after the date the notice is published, or, as relevant here, as soon as practicable after the court has ruled on a motion to consolidate related actions. *Id.* § 78u-4(3)(B)(i)–(ii).

In assigning a lead plaintiff, "[t]he PSLRA establishes a rebuttable presumption that the 'most adequate plaintiff' is a person or group of persons that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23 []." *Medina v. Clovis Oncology, Inc.*, No. 15-CV-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc)). "As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue." *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627–28 (D. Colo. 2011). The PSLRA also provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(3)(B)(v). Accordingly, it is within the court's sole discretion to approve appropriate lead counsel. *See In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, No. 09-MD-02063JLKKMT, 2009 WL 4016635, at *2–3 (D. Colo. Nov. 18, 2009).

## II.     Rule 23(a)

Rule 23(a) provides four prerequisites to class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a)(1)–(4). As mentioned, only typicality and adequacy are relevant to the courts inquiry at this stage. *Wolfe*, 275 F.R.D. at 627–28. "Typicality exists where the injury and the conduct are sufficiently similar," and the PSLRA "directs courts to limit their inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *City of*

*Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-CV-02164-PAB-KLM, 2013 WL 1677553, at *2 (D. Colo. Apr. 17, 2013) (internal quotations, citations, and brackets omitted).

## ANALYSIS

Here, it is undisputed that Mr. Gussin timely moved for appointment as lead plaintiff, and that he has the largest known financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(ii)(I)(aa)–(bb). Mr. Gussin holds 400 shares of DigitalGlobe common stock [#42-1] compared to Mr. Machion's 343 shares [#39-2], Mr. Assad's 100 shares [#1], Plaintiff Royce Bussey's 100 shares, Mr. Zand's 100 shares, and Jeweltex Manufacturing Inc. Retirement Plan's 50 shares. *See* [#41 at 6–7]. Thus, this court turns to whether Mr. Gussin satisfies the typicality and adequacy requirements of Rule 23(a).

First, Mr. Gussin's claims "arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members." *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 552 (D.Colo.1998). As mentioned, the underlying basis for this consolidated action is an assertion that DigitalGlobe's F-4 registration statement and amended registration statement were materially misleading, because they omitted material facts regarding the methods used to project DigitalGlobe's finances for fiscal years 2017–21 and conflicts of interests by the financial advisors and DigitalGlobe board members. Second, as to adequacy, because Mr. Machion withdrew his competing motion for appointment as lead plaintiff and no other Plaintiff has contended that Mr. Gussin will not fairly and adequately protect the interests of the class, this court concludes that Mr. Gussin will be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). Accordingly, because Mr. Gussin satisfies the

typicality and adequacy prerequisites under Rule 23(a), and for the reasons discussed *supra*, this court APPOINTS Mr. Gussin as lead plaintiff in this matter.

Lastly, Mr. Gussin seeks court approval of his selection of lead counsel—Brower Piven, A Profession Corporation ("Brower Piven"). In approving Brower Piven, Mr. Gussin must demonstrate that Brower Piven is "qualified, experienced[,] and able to vigorously conduct the proposed litigation." *Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS, 2012 WL 5250400, at *8 (D. Colo. Oct. 23, 2012) (internal quotations and citations omitted). Mr. Gussin indicates that attorneys at Brower Piven have approximately thirty (30) years of experience in the class action arena. *See* [#42-3 at 2–3]. This includes leadership roles as counsel in numerous securities class actions, as well as other complex matters. [*Id.* at 4–6]. Based on Mr. Gussin's submissions, this court concludes that Brower Piven will adequately and competently serve as lead counsel on behalf of the purported class.

## CONCLUSION

(1) Plaintiff Dane Gussin's Motion to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel [#40] is **GRANTED**;

    (a) Plaintiff Dane Gussin is appointed lead plaintiff;

    (b) Brower Piven, A Professional Corporation is appointed lead counsel; and

(2) Plaintiff Matthew Machion's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel [#38] is **DENIED AS MOOT**.

Dated: August 17, 2017                     BY THE COURT:

                                                           s/ Nina Y. Wang
                                                            Nina Y. Wang
                                                            United States Magistrate Judge